**In re BIRON, INC., Debtor.**

**Harley D. GILBERT, et al., Plaintiffs,**

v.

**BIRON, INC., Defendant.**

**Adv. No. 1–82–0171.**

**Bankruptcy No. 1–82–00853.**

United States Bankruptcy Court, S.D. Ohio, W.D.

March 22, 1983.

Daniel H. McKinney, Cincinnati, Ohio, for plaintiffs.

Steve Williams, Cincinnati, Ohio, for defendant.

BURTON PERLMAN, Bankruptcy Judge.

In the complaint in this adversary proceeding, the relief sought is a modification of the automatic stay imposed by 11 U.S.C. § 362 against these plaintiffs which arose when the underlying Chapter 11 bankruptcy case was filed by debtor, defendant in this proceeding.

The complaint alleges that on or about January 21, 1982 plaintiffs were awarded a judgment against defendant in a suit which they filed and prosecuted in a Kansas state court. The bankruptcy case filed by defendant evidently was filed during the period that defendant had in which to file an appeal in that suit. The complaint in the case before us alleges that plaintiffs here were lessors to defendant of two oil and gas leases, and the Kansas court granted the relief of cancellation of those leases and the award of certain monetary damages as well as attorneys fees. An essential allegation by plaintiffs is that unless the § 362 stay is removed plaintiffs cannot re-lease their premises and this would be grossly inequitable. (We note that as to any monetary claim it would appear that plaintiffs' relief would be limited to the filing of a claim in the bankruptcy case.) It appears that if the relief sought in the complaint before us is granted, that either an appeal will proceed in the Kansas courts or the specific relief secured by plaintiffs in those courts, cancellation of the leases to debtor, will result.

■ This proceeding came on for trial. At this time we deem it necessary to memorialize a decision announced at the outset of the trial. At that time, counsel for plaintiffs called our attention to the fact that he had filed a motion for summary judgment which had not been ruled upon. The basis for the motion for summary judgment was a contention that the automatic stay of § 362 should be held to have been automatically terminated for failure to meet the time periods set forth in § 362(e). At the trial we overruled the motion. The provisions of § 362(e) have to do with consequences for failure to meet certain time requirements in dealing with a request to modify stay. Suffice it to say that the basis upon which we overruled the motion was that it was as a result of the conduct of plaintiffs that the time limits of § 362(e) for dealing with the question of relief from the stay were not met.

At the trial plaintiffs offered no live testimony. They sought to make their case by offering certain exhibits to the admission of which defendant objected. We reserved decision on these objections, and now state our rulings as to them.

■ 1. PX 1. This exhibit consists of documents from the file of the Kansas case. It comprises: (a) a petition, (b) plaintiffs' brief, (c) Memorandum Decision dated January 29, 1982, (d) Journal Entry filed February 19, 1982, and (e) Order of March 24, 1982. The authenticity of these documents was stipulated by the parties (Doc. # 11). We hold PX 1, with the exception of plaintiffs' brief, to be admissible, the brief being excluded as not being relevant.

■ 2. Deposition of Judson William Herron, Jr.. While it objected at the time of trial to the admissibility of this deposition, defendant in its post trial memorandum concedes that this deposition of the president of defendant is admissible. The deposition therefore will be admitted in evidence. In its post trial memorandum, defendant requests that it be given an opportunity to object to specific portions of the deposition following our ruling on admissibility. This request is untimely and is denied.

■ 3. Deposition of Harley D. Gilbert. This is the deposition of one of the plaintiffs. At the trial defendant objected to the admissibility of this deposition on grounds that while Gilbert, a resident of Kansas, was clearly at a greater distance than one hundred miles from the place of trial, it appeared that his absence was procured by plaintiffs, since Gilbert could have been present for the trial, and thus the requirements of F.R.Civ.P. 32(a)(3)(B) were not met. We hold the deposition to be admissible. Normal residence more than

one hundred miles from the place of trial of Gilbert, a fact which is not disputed, is sufficient to qualify this deposition for admission. *Ikerd v. Lapworth,* 435 F.2d 197 (7th Cir.1970). It cannot be said that a party residing at that distance from the place of trial procured his absence. 4A Moore's Federal Practice (2nd ed.) 32–31 to 32–35. It seems to us, particularly in the federal courts, that a nonresident plaintiff ought to be allowed to present his testimony by deposition if he chooses, for otherwise a party without the means to travel and appear at the trial would be denied his day in court. Again, we deny the request of defendant, on grounds that it is not timely made, to object to specific portions of the Gilbert deposition.

■ 4. Deposition of Robert D. Jones. The only objection registered by defendant to the admissibility of this deposition is that nothing was shown by way of compliance with F.R.Civ.P. 32 which would qualify this deposition as admissible. The deposition itself shows that Jones is a resident of Kansas, and for the reasons stated in connection with the deposition of Gilbert, the deposition is admissible. Defendant says that it is prejudiced because it never received a copy of the Jones deposition. Plaintiffs correctly respond that defendant was represented at the taking of the Jones deposition and could have ordered a copy of it. It evidently did not do so, and defendant may not now object to admissibility for this reason. Again, the request of defendant to object to specific portions of the deposition upon admission of the deposition is denied.

\* \* \* \* \* \*

Having ruled on the reserved evidentiary questions, we turn to the matter of decision of the question before us.

Defendant offered no evidence at the trial, taking the position that plaintiffs had failed to prove their case. The controlling statutory provision is 11 U.S.C. § 362(d):

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Attention also must be paid to § 362(g) which says that:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

After carefully considering the evidence presented in this case and the application of the foregoing statutory provisions thereto, we have concluded that plaintiffs should prevail and the stay should be modified as prayed.

■ We find that "cause" exists within the meaning of § 362(d)(1) for the lifting of the automatic stay in this case, in the judgment entered by the Kansas state court cancelling the leases between these parties. That outcome was the subject of a judgment entered prior to the institution of the bankruptcy case, so that if that state court judgment is operative there is no basis for continuing the automatic stay in effect because there is no property in which this debtor has an interest. It would be unjust and inequitable to prohibit by means of continuance of the automatic stay these plaintiffs from dealing with their property free of any claim by this defendant where defendant has no interest. See *Matter of Racing Wheels, Inc.,* 5 B.R. 309, 6 B.C.D. 719 (Bkrtcy., M.D.Fla.1980). We understand that it is the position of defendant that it wishes to appeal from the Kansas trial court's judgment. Assuming that it has the right and the means to do so, we see no reason why that procedure should lead us to continue the stay. Indeed, it is an

added reason for lifting the stay, for any further proceedings in the state court ought to be expedited for the benefit of all the parties. If defendant does take an appeal and succeeds in securing a reversal of the state court judgment, we do not perceive that any prejudice to defendant will have occurred by reason of the lifting of the stay, for defendant then will have the right to rely upon its leases.

Under the circumstances, it does not appear to us that the second clause in section 362(d)(1), that relating to adequate protection, has any relevance in our present consideration, for as things presently stand, defendant has no interest in the property, the gas and oil leases, which are the subject of the Kansas litigation. The same remark serves also to dispose of any relevance to our present consideration of § 362(d)(2). We have reviewed the evidence presented to us for any suggestion that our stated conclusion is improper and have found none. Indeed, the testimony which is to be the found in the record, that pumping activity on adjacent property may be depleting the resources on plaintiffs' land, reinforces our conclusion that the stay should be lifted so that matters may proceed to finality in the state court.